JRB: USAO 2018R00184

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO.** |
| **v.** | * | |
| | * | **(Production of Child Pornography,** |
| **SPENCER E. STECKMAN,** | * | **18 U.S.C. § 2251(a); Transportation** |
| | * | **of Child Pornography, 18 U.S.C.** |
| **Defendant** | * | **§§ 2252A(a)(1) and 3261(a)(1);** |
| | * | **Possession of Child Pornography,** |
| | * | **18 U.S.C. §§ 2252A(a)(5)(A) and** |
| | * | **3261(a)(1); Forfeiture, 18 U.S.C. § 2253)** |
| | * | |

*******

## INDICTMENT

## COUNT ONE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

Between on or about August 17, 2017 and on or about September 22, 2017, in the District of Maryland and elsewhere, the defendant,

### SPENCER E. STECKMAN,

did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing a visual depiction of such conduct, and the visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT TWO
### (Transportation of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

At all times material to Counts Two and Three of this Indictment:

1.      Defendant **SPENCER E. STECKMAN** was employed by the Armed Forces outside the United States as defined by 18 U.S.C. § 3267(1), that is, he was employed as a Regional Food and Beverage Program Analyst as a Status of Forces Agreement member and non-appropriated funds employee with Commander Navy Region Japan; was present and residing outside the United States in connection with such employment; and was not a national of, nor ordinarily resident in, Japan.

2.      **STECKMAN** engaged in conduct outside the United States that would have constituted an offense punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

3.      The last known residence of defendant **STECKMAN** prior to his arrival in Japan on or about November 11, 2017 was in Silver Spring, Maryland, within the District of Maryland. Venue for the trial of the offenses charged in this Indictment lies within the District of Maryland.

4.      On or about November 12, 2017, in Japan and elsewhere, the defendant,

**SPENCER E. STECKMAN,**

did knowingly transport, using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, any child pornography, as defined in Title 18, United States Code, Section 2256(8).

18 U.S.C. § 2252A(a)(1); 18 U.S.C. § 3261(a)

2

## COUNT THREE
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

The allegations set forth in paragraph 1 through 3 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about November 12, 2017, in Japan and elsewhere, the defendant,

**SPENCER E. STECKMAN,**

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8).

18 U.S.C. § 2252A(a)(5)(A); 18 U.S.C. § 3261(a)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Title 18, United States Code, Section 2253, upon conviction of the offenses set forth in Counts One through Three of this Indictment, in violation of Title 18, United States Code, Sections 2251 and 2252A, the defendant,

### SPENCER E. STECKMAN,

shall forfeit to the United States of America:

a.      Any visual depiction described in Title 18, United States Code, Sections 2251 and 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

2.      If any of the property described above, as a result of any act or omission of the defendant,

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without

        difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

18 U.S.C. § 2253

*Stephen M. Schenning*

Stephen M. Schenning
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: March 26, 2018