Sheet 1 - Amended Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)   Judgment Page 1 of 7
Case 8:18-cr-00162-PWG   Document 67   Filed 11/25/19   Page 1 of 7
SRS

# United States District Court
## District of Maryland

FILED
U.S. DISTRICT C
DISTRICT OF MAR
2019 NOV 25 A
CLERK'S OFFIC
AT GREENBELT
____ DEP

| | |
|---|---|
| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
| | (For Offenses Committed on or After November 1, 1987) |
| v. | Case Number: PWG-8-18-CR-00162-001 |
| | USM Number: N/A |
| **SPENCER E. STECKMAN** | Defendant's Attorney: John Chamble, AFPD |
| | Assistant U.S. Attorney: Joseph Ronald Baldwin & Jessica Urban |
| | Date of Original Judgment: November 7, 2019 |
| | (*or date of last amended judgment*) |

**Reason for Amendment:**
☒ **Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)**
☐ Direct Motion to District Court Pursuant to:
  ☐ 28 U.S.C. § 2255;
  ☐ 18 U.S.C. § 3559(c)(7); or
  ☐ Modification of Restitution Order
☐ Order of Court

**THE DEFENDANT:**
☒ pleaded guilty to count(s) _1, 2, and 3 of the Indictment._
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | Production Of Child Pornography | 11/12/2017 | 1 |
| 18 U.S.C. § 2252A(a)(1); 18 U.S.C. § 3261(a) | Transportation Of Child Pornography | 11/12/2017 | 2 |
| 18 U.S.C. § 2252A(a)(5)(A); 18 U.S.C. § 3261(a) | Possession Of Child Pornography | 11/12/2017 | 3 |

The defendant is adjudged guilty of the offense(s) listed above and sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by United States v. Booker, 543 U.S. 220 (2005).

☐ The defendant has been found not guilty on count(s) _____.
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

November 21, 2019
Date of Imposition of Judgment

_/s/_ November 25, 2019
Paul W. Grimm                                Date
United States District Judge

Name of Court Reporter: Linda Marshall

**DEFENDANT: SPENCER E. STECKMAN**
CASE NUMBER: PWG-8-18-CR-00162-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **360 months as to Count 1; 240 months as to Count 2 (120 months consecutive as to Count 1) & (120 months concurrent as to Count 1); 120 months as to Count 3 concurrent to Counts 1 and 2; for a total term of 480 months**. Credit time served since March 27, 2018.

☒ The court makes the following recommendations to the Bureau of Prisons:
  1. That the defendant shall be designated to an FCI facility with a Sex Offender Management Program (SOMP), particularly in Tucson AZ, for service of his sentence, so the defendant can be close to family.
  2. That the defendant participate any substance abuse program for which he may be eligible.
  3. That the defendant participate in any appropriate mental health evaluation and treatment program, to include an evaluation for PTSD and depression.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ a.m./p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

  ☐ before 2 p.m. on _____.
  ☐ _____

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By: _____
DEPUTY U.S. MARSHAL

DEFENDANT: SPENCER E. STECKMAN
CASE NUMBER: PWG-8-18-CR-00162-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Life as to Counts 1, 2, and 3.

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A. MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance.
3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4) ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5) You must cooperate in the collection of DNA as directed by the probation officer.
6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page

## B. STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by your probation officer.
5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

Sheet 3.01 - Amended Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)  Judgment Page 4 of 7
Case 8:18-cr-00162-PWG  Document 67  Filed 11/25/19  Page 4 of 7
DEFENDANT: SPENCER E. STECKMAN
CASE NUMBER: PWG-8-18-CR-00162-001

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13) You must follow the instructions of the probation officer related to the conditions of supervision.

## C. SUPERVISED RELEASE ADDITIONAL CONDITIONS

### No Contact with Minors
☒ You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

### No Contact with Victim
☒ You must not communicate, or otherwise interact, with the victims, either directly or through someone else, without first obtaining the permission of the probation officer.

### Computer Monitoring Software
☒ You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

### Computer Search for Monitoring Software
☒ To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

### Mental Health Treatment
☒ You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Sheet 3.01 - Amended Judgment in a Criminal Case with Supervised Release (Rev. 04/2018)    Judgment Page 5 of 7
Case 8:18-cr-00162-PWG   Document 67   Filed 11/25/19   Page 5 of 7
DEFENDANT: SPENCER E. STECKMAN
CASE NUMBER: PWG-8-18-CR-00162-001

### Sex Offender Treatment
☒  You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

### Sex Offender Assessment
☒  You must participate in a sex offense-specific assessment.

### Substance Abuse Testing
☒  You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

### Alcohol Restrictions
☒  You must not use or possess alcohol.

### Financial Disclosure
☒  You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

### Restitution – Money
☒  Pay outstanding monetary restitution imposed by the Court to the victims in the amount of $120,000.00. Restitution payments shall be made in monthly installments of at least $100.00 and be paid to the Clerk, U.S. District Court, 6500 Cherrywood Lane, Suite 200, Greenbelt, MD 20770, for distribution to the victim.

### Sex Offender Registration and Notification
☒  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

### Other Condition
☒  As per the plea agreement in this case, the Defendant agrees that he shall surrender any passport currently in his possession, custody, or control and that, during the term of his supervised release he shall neither apply for a passport nor travel in foreign commerce.

### Special Assessment
☒  Pay special assessment $300.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT: SPENCER E. STECKMAN
CASE NUMBER: PWG-8-18-CR-00162-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 5B.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $300.00 | $ Waived for reasons stated on the record in open court | Waived | $120,000.00 |

☐ CVB Processing Fee $30.00

☐ The determination of restitution is deferred until _____ An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk, US District Court 6500 Cherrywood Lane Greenbelt, MD 20770 For disbursment to victim(s) | | $120,000.00 | |
| **TOTALS** | $ _____ | $ 120,000.00 | |

☒ Restitution amount ordered pursuant to plea agreement    $ 120,000.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**DEFENDANT: SPENCER E. STECKMAN**                                        CASE NUMBER: PWG-8-18-CR-00162-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  $300.00 Special Assessment fee shall be paid in full immediately.

B  ☐  $_____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  Not later than _____; or

D  ☐  Installments to commence _____ day(s) after the date of this judgment.

E  ☐  In _____ (e.g. equal weekly, monthly, quarterly) installments of $_____ over a period of _____ year(s) to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

☐  **NO RESTITUTION OR OTHER FINANCIAL PENALTY SHALL BE COLLECTED THROUGH THE INMATE FINANCIAL RESPONSIBILITY PROGRAM**.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

☐  in equal monthly installments during the term of supervision; or

☐  on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:
☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:

**Order of Forfeiture entered by this Court on 11/7/2019 (ECF No. 63)**